IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Johnnie Henderson, | ) | Case No.: 5:21-cv-3249-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| United States of America and Ofc. Craig Snyder, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court with a Report and Recommendation of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Plaintiff Johnnie Henderson ("Henderson" or "Plaintiff") filed this action on October 5, 2021, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), *et. seq.*, against Defendant United States of America ("United States" or the "Government") as well as a claim pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Defendant Snyder.  (DE 1.) Defendant United States filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on December 13, 2021.  (DE 9.)  Plaintiff filed a response in opposition to the motion to dismiss (DE 16), and the Government filed a reply (DE 19).  On July 18, 2022, the magistrate judge issued a

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Report and Recommendation, recommending that Defendant's Motion to Dismiss be denied except as to any claim against Defendant United States for medical malpractice. (DE 23.)

For the reasons provided herein, the Court adopts the magistrate judge's Report and Recommendation as modified herein and dismisses Henderson's FTCA claim without prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The facts as Plaintiff set forth in the Complaint reveal the following. Plaintiff was an inmate at FCI Edgefield housed in the Special Housing Unit (the "SHU"), and Defendant Ofc. Craig Snyder was a federal correctional officer on duty in the SHU. On May 30, 2019, Plaintiff requested cleaning supplies to clean his cell. Defendant Snyder brought a cup of cleaning chemicals to Plaintiff and deliberately and willfully threw the cup of chemicals in Plaintiff's face and eyes, as well as slammed Henderson's hand in the serving/food box. Defendant Snyder also turned off the water to Plaintiff's cell, thereby preventing Plaintiff from washing the chemicals from his eyes and causing additional pain and injury. (DE 1.)

Other correctional officers failed to intervene and respond in a timely manner. Plaintiff was later transferred to Aiken Regional Medical Center, where he received treatment for chemosis, conjunctivitis to his eyes, visual impairment, bleeding and a contusion to his hand. Further, Defendant Snyder deliberately and knowingly falsified an incident report in order to impede or obstruct the investigation and was subsequently terminated and criminal charges were filed in connection with the incident. On February 24, 2020, Defendant Snyder pled guilty to an offense of "Deprivation of Rights Under Color of Law," a violation of 18 U.S.C. § 242. (DE 1.)

Plaintiff alleges that FCI Edgefield was grossly negligent in their failure to hire, supervise, and train correctional staff working at the prison and that FCI administration and/or supervisors

knew or should have known that Defendant Snyder had a propensity to harm inmates based on his prior actions and disciplinary history but failed to investigate or take appropriate action. (DE 1.)

On July 18, 2022, the magistrate judge issued the Report, recommending that Defendant's Motion to Dismiss be denied except as to any claim against Defendant United States for medical malpractice. (DE 23.) Plaintiff filed objections to the Report and Recommendation. (DE 29.) Henderson filed a reply. (DE 30.) This matter is now ripe for review.

## II.     DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the Court finds that many of the Government's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate its arguments. However, the Court has identified the following objections: 1) the Report failed to analyze the Discretionary Function Exception on Plaintiff's Claim of Negligent Hiring, Training, and Supervision; 2) the Report erred in failing to

recommend dismissal for conduct outside the scope of employment; and 3) Henderson is not entitled to discovery on the Discretionary Function Exception.[2]

As to the Discretionary Function Exception, the Government claims the Report failed to analyze the exception on Plaintiff's Claim of Negligent Hiring, Training, and Supervision. (DE 29, p. 1.) The Court agrees that the analysis is not complete and its resolution is dispositive of Henderson's FTCA claim. The Report states:

> After considering argument made by the parties and the allegations in the record, the undersigned does not have sufficient factual evidence to determine whether Plaintiff's claims should be conclusively barred under the discretionary function exception. . . . In fact, as alleged in the Complaint, the facts as alleged suggest Defendant Snyder was not carrying out a regulatory duty or function, but instead engaged in criminal conduct. While courts routinely find the discretionary function applies, in cases involving egregious misconduct by federal agents, the bar has not been applied. . . . For these reasons, the undersigned is unable to make a conclusive assessment regarding whether the discretionary function applies to the facts in the Complaint. Accordingly, the undersigned recommends finding that there is insufficient evidence or facts upon which to determine whether the discretionary function applies under the applicable standard for considering a motion to dismiss the Complaint.

(DE 23, pp. 12-13.) The Report correctly notes that as a sovereign, the United States enjoys immunity from suits unless Congress expressly waives that immunity. See United States v. Sherwood, 312 U.S. 584, 586 (1941). Without a waiver of sovereign immunity, a court does not have subject-matter jurisdiction to adjudicate a case. See id. at 587–88 (citing Luckenbach S.S. Co. v. United States, 272 U.S. 533, 536 (1926)). For those plaintiffs asserting tort claims against the Government, Congress issued a limited waiver of sovereign immunity in the FTCA. Under this statute, the United States waives sovereign immunity for claims of "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while

---

[2]  As to the Government's discovery objection, the Report does not recommend jurisdictional discovery on the Discretionary Function Exception; thus, this objection is neither relevant nor addressed in the Report. Therefore, this objection is overruled.

acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (2012).  Moreover, the statute imposes liability "in accordance with the *law of the place where the act or omission occurred*." Id.  (emphasis added); see also Wright v. United States, 280 F. Supp. 2d 472, 476 (M.D.N.C. 2003) ("Claims filed under the [FTCA] are governed by the substantive law of the state in which the alleged tort occurred.").  Thus, the FTCA allows a plaintiff to hold the Government liable in tort in the same way he or she could hold a private person liable.  See Medina v. United States, 259 F.3d 220, 223 (4th Cir.2001).

However, the FTCA's waiver of sovereign immunity is narrow and subject to a number of exceptions, with the majority codified in 28 U.S.C. § 2680. The most important of these exceptions, the discretionary function exception, is codified in subsection (a). Under this exception, the waiver of sovereign immunity does not extend to a claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (2012).  As a result, a court lacks subject-matter jurisdiction to adjudicate a claim where a Government actor performed a discretionary function or duty that resulted in tortious conduct.[3]

The Fourth Circuit recognizes two ways for a defendant to challenge subject matter jurisdiction.  "First, the defendant may contend 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'  . . . In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts

---

[3]     While the Court notes that 28 U.S.C. § 2680(h) carves out an exception for intentional torts against a law enforcement officer or investigator, the Fourth Circuit has held that said claims "if authorized and implemented consistent with federal law and the Constitution of the United States, may be considered discretionary functions under § 2680(a), even if they would otherwise constitute actionable torts under state law." Medina, 259 F.3d at 226.  Therefore, FTCA claims of intentional torts under § 2680(h) must clear the § 2680(a) discretionary function hurdle.

to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). The second way is if the Government contends "that the jurisdictional allegations of the complaint [are] not true." Id. In this situation, "[i]f the defendant challenges the factual predicate of subject matter jurisdiction, '[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." Id. The Government does not allege the latter applies here. Therefore, the Court must consider Henderson's claims on the face of his complaint and taken as true. See n. 2 supra (overruling the Government's subject matter jurisdiction discovery objection).

Consequently, the Report states that "Plaintiff asserts two causes of action in his Complaint: (1) grossly negligent hiring, supervising and training against the United States pursuant to the Federal Tort Claims Act; and (2) a Bivens actions due to an alleged violation of his Eighth Amendment rights against Defendant Snyder." (DE 23, p. 2.) Henderson's Complaint does not allege a vicarious liability claim under the doctrine of respondeat superior against the Government for Snyder's conduct; rather, Henderson alleges direct liability theories of negligent hiring, supervising, and training.[4] First as to Henderson's negligent supervision claim, applying South Carolina law, an employer may be liable for negligent supervision when an employee intentionally harms another and (1) the employee is on the premises of the employer or using a chattel of the

---

[4] "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." James v. Kelly Trucking Co., 377 S.C. 628, 661 S.E.2d 329, 330 (S.C. 2008) (citing Sams v. Arthur, 135 S.C. 123, 133 S.E. 205, 207-08 (S.C. 1926)). Although Henderson asserts in his Response to the Government's motion that "Mr. Henderson asserts that the Government is responsible for Ofc. Snyder's conduct under a number of theories, including vicarious liability, negligent hiring, supervising and/or training, and failure to adequately protect as required by statute[,]" (DE 16, p. 2, ¶ 6) Henderson's Complaint does not reflect a vicarious liability or failure to protect claim against the Government.

employer, (2) the employer knows or has reason to know of the ability to control the employee, and (3) the employer knows or should know of the necessity and opportunity for exercising control. See Degenhart v. Knights of Columbus, 309 S.C. 114, 116-17, 420 S.E.2d 495, 496 (S.C. 1992). In other words, "[i]n circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee . . . . " James v. Kelly Trucking Co., 377 S.C. 628, 631, 661 S.E.2d 329, 330 (S.C. 2008). "[N]egligent training is merely a specific negligent supervision theory by another name." Holcombe v. Helena Chem. Co., 238 F. Supp. 3d 767, 772 (D.S.C. 2017).

While Henderson alleges sufficient facts to support his claim that the Government's employee intentionally harmed him while on the Government's property and the Government's ability to control the employee, Henderson does not allege any facts to show that the Government knew or should have known that it should exercise control over its employee. Furthermore, while the FTCA does not impose a categorical bar against negligent supervision claims under the discretionary function exception, "Gaubert holds that if a policy, statute, or regulation mandates a course of action, the discretionary function exception does not apply." Lins v. United States, 847 F. App'x 159, 165 (4th Cir. 2021) (citing United States v. Gaubert, 499 U.S. 315 (1991)). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Henderson does not allege any facts showing Snyder's supervisors were aware that he violated Bureau of Prison policies or regulations and failed to act according to the policy.[5] Rather, Henderson alleges

---

[5] The Report notes that Snyder's conduct was expressly prohibited by the Bureau of Prisons' policy. (DE 23, p. 11.) The policies prohibit use of force as a means of punishment [C.F.R. § 552.22]; and permit

7

that the Government discovered Snyder falsified the incident report, and, when that was discovered, the Government terminated Snyder's employment and criminal charges were filed against him. (DE 1, p. 4.) Accordingly, Henderson's Negligent Supervision and Training claims do not allege plausible claims against the Government; and therefore, these claims are dismissed without prejudice.

Secondly, as to Henderson's Negligent Hiring claim, South Carolina law provides "where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring . . . the employee." James, 377 S.C. at 661, S.E.2d at 330. "Negligent hiring cases 'generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties.'" Kase v. Ebert, 392 S.C. 57, 63, 707, S.E.2d 456, 459 (S.C. Ct. App. 2011) (quoting Doe v. ATC, Inc., 367 S.C. 199, 206, 624 S.E.2d 447, 450 (S.C. Ct. App. 2005)); see also Williams v. Preiss-Wal Pat III, LLC, 17 F. Supp. 3d 528, 538 (D.S.C. 2014) ("The issue of an employer's knowledge concerns the employer's awareness that the employment of a specific individual created a risk of harm to the public." (citing Kase, 392 S.C. at 63, 707 S.E.2d at 459)). Here again, Henderson does not allege any facts to support a plausible claim for Negligent Hiring or any facts that show a violation of policy that dictates how the Bureau of Prisons hires employees. Consequently, this Court does not have subject matter jurisdiction over this claim, and it is dismissed without prejudice.

---

force only as a "last alternative after all other reasonable efforts to resolve a situation have failed." However, these statements do not appear in Plaintiff's Complaint and, standing alone, do not cure the deficiencies in Plaintiff's Negligent Supervision cause of action. Furthermore, the Court need not embark on an analysis to determine if Snyder's conduct was within the scope of his employment or if his conduct fits within the discretionary function exception because Henderson does not allege a vicarious liability cause of action against the Government. See n. 4, supra.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified and consistent herewith and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (DE 9) is granted and the United States is dismissed from this action.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 20, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.