IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnnie Henderson, ) | Case No.: 5:21-cv-3249-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Ofc. Craig Snyder, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court with a Report and Recommendation of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 38.)  Plaintiff Johnnie Henderson ("Henderson" or "Plaintiff") filed this action on October 5, 2021, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), *et. seq.*, against Defendant United States of America ("United States") as well as a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Defendant Ofc Craig Snyder ("Snyder" or "Defendant").  (DE 1.)  Defendant United States was dismissed from this action on September 20, 2022.  (DE 32.)  On September 28, 2022, Plaintiff filed a Request for Entry of Default (DE 34), and on September 29, 2022, the Clerk filed an Entry of Default as to Defendant Snyder.  (DE 35.)

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Defendant was served with the Summons and Complaint on October 11, 2021 (DE 7, 7-1.) However, Defendant did not file a responsive pleading or otherwise make an appearance in this case. On September 28, 2022, Plaintiff filed a Motion for Entry of Default and attached an Affidavit of Default. (DE 34; 34-1.)  Within that Motion, Plaintiff requested a damages hearing; however, Plaintiff did not seek a default judgment against Defendant Snyder. Approximately one month later, on October 28, 2022, the Court issued a text order, notifying Plaintiff that in accordance with Federal Rule of Civil Procedure 55(b), after the clerk enters default, Plaintiff must apply for default judgment.  (DE 37.)  The Court further advised Plaintiff that the failure to do so may result in a recommendation for dismissal for failure to prosecute.  (DE 37.)  Despite the Court's order, Plaintiff failed to apply for default judgment.  The Report was issued on February 1, 2023, recommending dismissal of this action for failure to prosecute.  (DE 38.)

Plaintiff has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified and consistent herewith and incorporates it herein by reference.

It is, therefore, **ORDERED** this action is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

                                                  Joseph Dawson, III
                                                  United States District Judge

Florence, South Carolina
May 15, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.